In the District Court of the United States
For The District of South Carolina

BEAUFORT DIVISION

| | |
|---|---|
| Roger Kelley, #085112, ) | Civil Action No. 9:07-3655-GRA-GCK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF THE MAGISTRATE JUDGE** |
| Larry Powers, Director Spartanburg ) | |
| County Detention Center; ) | |
| Teresa Speller, Head of Security at ) | |
| Spartanburg County Detention Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I. INTRODUCTION

The Plaintiff, Roger Kelley ("Plaintiff" or "Kelley"), was a pre-trial detainee housed in the Spartanburg Regional Detention Center ("SRDC") at the time of the alleged incidents giving rise to this action. Proceeding *pro se*, he seeks relief from the above-captioned Defendants, Larry Powers, Director Spartanburg County Detention Center ("Powers") and Teresa Speller, Head of Security at Spartanburg County Detention Center ("Speller") alleging that the Defendants were deliberately indifferent to his serious medical needs, in violation of 42 U.S.C. § 1983.[1] Plaintiff seeks monetary damages.

Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review pretrial matters in prisoner

---

[1] 42 U.S.C. §1983 provides, in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## II.  *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915.  This review has been conducted in light of the following precedents:  *Neitzke v. Williams*, 490 U.S. 319, 324-25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  28 U.S.C. § 1915(e) (2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).  Hence, under Section 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).  The court may dismiss a claim as "factually frivolous" under Section 1915(e) if the facts alleged are clearly baseless.  *Denton*, 504 U.S. at 31.  In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  *Id*.

This Court is required to liberally construe pro se documents, *Erickson v. Pardus*, ---U.S. ----, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam* ). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III.  FACTUAL BACKGROUND

On or about July 18, 2007, Plaintiff was detained in the SRDC, and alleges that he caught a "staff infection in [his] foot" by the end of the month. After many verbal requests and several written medical grievances, he was seen by the doctor who saw his foot was swollen and had started to turn black. Plaintiff was taken to the Spartanburg Regional Hospital, where doctors attempted to cut the rotten tissue out of his foot. Plaintiff alleges that the doctors gave him prescriptions for medication and medicated cream, but the SRDC failed to supply these

prescriptions. Thereafter, Plaintiff was transported to the "wound center" at the hospital, where hospital staff continue to tell the transporting officers that if his bandage is not re-dressed on every other day, his infection will not go away. He claims the staff has changed the bandage only a few times, and has not applied any of the prescribed cream to his wound. Plaintiff contends that as a result of these failures in treatment, his foot has locked in a downward position. The wound center told Plaintiff that the nerves in his foot and leg were damaged, and if his foot is not better cared for soon, it will have to be amputated. Dr. Kinsmen at the wound center also told Plaintiff that the infection possibly had spread to his kidneys. Plaintiff fears that he will die from the infection, or be crippled for life. In a visit to the wound center just prior to filing the complaint, the doctor prescribed pain medication and antibiotic again, but the SRDC failed to supply him with these medicines.

Plaintiff prays for relief in the form of proper medical attention and an award of damages for the serious pain and suffering he has endured. He also seeks to have SRDC pay for his hospital bills. [1]

## IV.  PROCEDURAL HISTORY IN FEDERAL COURT

The Plaintiff commenced this action on November 6, 2007.[2]  [1]  An Order was issued on November 16, 2007 instructing the Clerk of Court to issue the summons and copies of the complaint to the Defendants for service of process by the United States Marshals. [7]  On December 3, 2007, an answer was filed on behalf of the Defendants. Thereafter, on February 6, 2008, a motion for summary judgment was filed on behalf of the Defendants, with a supporting

---

[2] Should a limitations issue arise in this action, Plaintiff has the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) with respect to the delivery date of his complaint. *See* this court's Order [7] filed on November 16, 2007.

memorandum and exhibits. [19] Accordingly, an Order was issued on February 7, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying the Plaintiff of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion for summary judgment within thirty-four (34) days. [20]  On February 22, 2008, the Plaintiff filed his Response [23] in opposition to the Defendants' motion for summary judgment. As the issues have been joined, this case is ripe for review by the undersigned.

## V.  DISCUSSION

### A.  Summary Judgment Standard

The determination of Defendants' motion for summary judgment is governed by the holding in *Celotex Corporation v. Catrett*, 477 U.S. 317 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 323; Fed. R. Civ. P. 56(c).

Summary judgment is proper if, viewed in the light most favorable to the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985).

The non-moving party is entitled to the most favorable inferences that reasonably may be drawn from the forecast evidence.  *Ross*, 759 F.3d at 364.  Put another way, all justifiable inferences must be drawn in favor of the non-moving party.  *Miltier v. Beorn*, 896 F.2d 848, 852 (4th Cir. 1990); *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  It is important

to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion. *Felty v. Graves-Humphreys Co.*, 818 F. 2d 1126 (4th Cir. 1987). Genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions. *Stone v. University of Md. Medical Sys. Corp.*, 855 F. 2d 167 (4th Cir. 1988).

Therefore, when evaluating the appropriateness of summary judgment, this Court must construe the facts are set forth in the light most favorable to Plaintiff. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("[O]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.") (internal quotation marks omitted); Fed.R.Civ.P. 56(c) (Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). Accordingly, this Court must enquire "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail asa matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

## B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a Section 1983 action. 42 U.S.C. § 1997e(a). In *Porter v. Nussle*, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.

The Plaintiff claims that he filed a grievance regarding these matters but never received a response. He also claims he complained to officers, and as a result, he was taken to the wound center at the hospital.

The Defendants specifically pled as an affirmative defense that the Plaintiff failed to exhaust his administrative remedies prior to filing this action.[3]  A plaintiff's failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) is an affirmative defense which the defendants have the burden to plead and prove. *Jones v. Bock*, ---U.S. ----, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 681 (4th Cir. 2005).  Although the Defendants pled the affirmative defense, they did not argue in their motion that the Plaintiff failed to exhaust his administrative remedies, and therefore they have not carried their burden of proof.  Accordingly, the Court will turn to the merits of the case.

### C.  The Merits of the Plaintiff's Case

#### 1.  Introduction

As a *pro se* litigant, the Plaintiff's Complaint must be construed liberally by this court. Nevertheless, a careful review of all of the pleadings in this case has led this court to recommend, for the reasons set forth below, that the Defendants be granted summary judgment.

#### 2.  Plaintiff's Action Pursuant to Section 1983

The United States Supreme Court has held:  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42 (1988).  Section 1983 "is not itself a source of substantive

---

[3]     Answer [11] at ¶ 12.

rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979).

Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (*citing Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

In order to establish a violation of the Eighth Amendment for inadequate medical care, a plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citations omitted). Mere negligence or malpractice does not violate the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Therefore, incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. *Miltier*, 896 F.2d at 851. Furthermore, the type and amount of medical care an inmate receives is discretionary. *See Brown v. Thompson*, 868 F.Supp. 326 (S.D.Ga. 1994). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). Although the Constitution requires that prisoners be provided with a certain

minimum level of medical treatment, it does not guarantee a prisoner receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817-18 (1st Cir. 1988). It follows, then, that disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Finally, in the context of alleged indifference to serious medical needs, in order to state a Section 1983 claim, the plaintiff must allege that he suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and that conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

The Fourth Circuit has held that to bring a medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison doctors' misconduct. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In the present case, the Complaint makes no mention of Powers or of Speller, except for naming them in the caption of the complaint. Although the Plaintiff has named these persons as Defendants to this case, the Plaintiff does not allege that they were present at the incidents in question, or took part in the incidents in question. Under these facts, the Court finds that the Plaintiff has failed to establish any theory of liability with respect to Powers or Speller.

As an additional reason for granting summary judgment to Powers, it is understood that Powers is the Director of the SRDC. The County Sheriff, pursuant to statute, is in charge of the detention center in Spartanburg County. *See* S.C. Code Ann. § 24-5-10 ("the Sheriff shall have custody if the jail in his county."). In South Carolina, Sheriffs are state officials and are entitled to Eleventh Amendment immunity from monetary damages in their official capacities. *See Wall v. Sloan*, No. 96-2461, 1998 WL 54938, *1 (4th Cir. Feb.11, 1998) (*citing Cromer v. Brown*, 88

F.3d 1315, 1332 (4th Cir. 1996); *Gulledge v. Smart*, 691 F.Supp. 947, 954 (D.S.C. 1988), aff'd, 878 F.2d 379 (4th Cir. 1989); *Cone v. Nettles*, 308 S.C. 109, 417 S.E.2d 523, 524-25 (S.C. 1992)).  As Powers is the Director of the SRDC, which is under the control of the Sheriff of Spartanburg County, he is also an arm of the state.  Therefore, in his official capacity, Powers is entitled to Eleventh Amendment immunity from monetary damages.  Finally, the undersigned notes that the Plaintiff has not sued Powers in his individual capacity, and the Plaintiff has not set forth any specific allegations in the complaint with respect to Powers.  Therefore, it is recommended that summary judgment be granted as to Powers.

     Next, to the extent that Plaintiff's complaint can be construed to allege supervisory liability on the part of Powers or of Speller, these claims are without merit.  Under the doctrine of supervisory liability, an employer or supervisor is not liable for the acts of their employees, absent an official policy or custom which results in illegal action.  *See Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142-43 (4th Cir.1982).  The employer or supervisor may only be held liable if the plaintiff can show that he had actual knowledge of the specific danger, but was deliberately indifferent to the plaintiff's needs despite his knowledge of this danger.  *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984). The Plaintiff has failed to meet this burden in that he has failed to show or even allege that either Powers or Speller was responsible for a policy or custom that resulted in illegal action or that either has been deliberately indifferent to the needs of Plaintiff.  As such, any claim of supervisory liability fails as a matter of law.  Where it is clear that the defendant is immune from suit, and claims of infringement of a legal interest, which clearly does not exist.  *Id*.  Examples of "claims whose factual contentions are clearly baseless" are claims describing fantastic or delusional scenarios.  *Id*. at 328.  In the

present action, it is clear the Plaintiff's allegations are frivolous and without merit. Plaintiff has not set forth any evidence of any constitutional violation by either Defendant.

As the evidence of record shows that there is no genuine issue as to any material fact, it is recommended that summary judgment be entered for the Defendants. *See* Fed. R. Civ. P. 56(c).

## RECOMMENDATION

This court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's Complaint likewise could be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

It further is recommended that the Defendants' motion for summary judgment **[19] should be granted.**

GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

June 11, 2008

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).